## SECOND DEPARTMENT, MAY, 1981

## (May 4, 1981)

■ MARILYN L. BAKAL, Respondent, v ALBERT S. BAKAL, Appellant. — In an action for divorce, the defendant husband appeals from an order of the Supreme Court, Westchester County, entered October 2, 1980, which granted plaintiff's motion pursuant to CPLR 3217 (subd [b]) for leave to discontinue her action without prejudice. Order reversed, on the law, with $50 costs and disbursements, and plaintiff's motion is denied. On or about July 11, 1978, plaintiff commenced this action for divorce by service of a summons. In September, 1978 plaintiff served her complaint, alleging cruel and inhuman treatment, and issue was joined by service of defendant's answer on or about October 27, 1978. Plaintiff filed her statement of readiness on March 4, 1980, and the case was scheduled for trial on July 22, 1980. On the eve of trial, plaintiff moved pursuant to CPLR 3217 (subd [b]) for leave to discontinue her action without prejudice. In her moving papers, she candidly acknowledged that she wanted to discontinue her action to enable her to commence a new action which would be governed by part B of section 236 of the Domestic Relations Law, which is only applicable to actions commenced on or after July 19, 1980 (see Domestic Relations Law, § 236). Special Term granted her motion, concluding that defendant failed to demonstrate "legal prejudice." An application for leave to discontinue without prejudice may not be granted in these circumstances (see *Tucker v Tucker,* 80 AD2d 244). Therefore, plaintiff's motion should have been denied. Titone, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.